Ernesto Santiago
V.
U.S.A.

CA No: 04-335E
CUSMJ: Susan Paradise Baxter

Motion for Reconsideration for Document #10
Injunctive Relief To prevent future Retaliation

Now Comes, Ernesto Santiago "Plaintiff" Seeking Reconsideration of This honorable Courts "Memorandum Order" of September 6, 2005.

Plaintiff would like your honor To Know That on The Contrary to Your Order of September 6, 2005 as To the hearing held on September 1st, 2005. The only thing That was addressed and or resolved was That Santiago recieved the federal Rules of Civil Procedures from AUSA Paul E. Skirtich, Something Mr. Skirtich did Not even have To do. Nothing as To the Legal Library Copies, Lawbooks, and access to Legal Material in Violation of Due Process that Will help Santiago Litigate his Case has Been Resolved.

Plaintiff will show your honor Some of his unsuccessful tries at attempting resolvement of his Complaints. The Latest being three (3) Sensitive BP-9 To The Regional office explaining exactly these Issues (see Exibits A, B, C) (A1, B1, C1 are Not attached Due To being refused access To Copy by D. Flatt on 9/14/05 at 3:26 P.M.) This is why a preliminary Injunction is Needed.

Plaintiff would first Like your honor To Know and he mentioned this on Record that he did Not Know a scheduled hearing with your honor was scheduled for September 1st, 2005. Ms. Tronetti (Santiago's Unit Manager) Came By his Cell and Said "You have

a lawyer call tomorrow morning". Santiago took this to mean his Attorney John Bies, that was appointed by the 3rd Circuit for an appeal out of this Court CA-NO(01-391E) as to his Criminal Sentence was the one calling. Santiago was Unprepared, Nervous, and would have explained and defended his position more adequate had he known a scheduled hearing with your honor was to take place the morning of September 1st 2005.

Plaintiff again will show some facts (some with exibits) that will clearly establish a pattern of Retaliation.

Plaintiff will also show your honor the four Requisites Needed to Win a preliminary Injunction:

1.) I am likely to show at trial that the Defendants Violated my Rights.
2.) I am likely to suffer Irreparable harm if I do Not recieve a preliminary Injunction
3.) The Threat of harm I face is greater than the harm prison officials will face if a preliminary injunction is granted and,
4.) A preliminary injunction will serve the public Interest.

Plaintiff also can show your honor that he's Been put in Segregation for filing a suit against McKean BOP Medical Staff. With Documentation of Contradicting stories as to my allege Involvement in a food strike

As to the four requisites I will now show your honor.

1.A) Plaintiff's claim is straightforward and after he shows discovery and color pictures, This will cease any doubt that McKean BOP violated plaintiffs Rights.

2.B) Plaintiff has already expressed his concerns as to Original Documentation for Discovery That if it Disappears could be crucial because are Not replaceable. Santiago has expressed Legal Documents being Confiscated in his Pending CA-NO(05-153 Erie) without Confiscation forms, Reasons, etc. This with No access To LAW Books, Copies, Program Statements, etc. are all irreparable harm. Not allowing Santiago to file administrative Remedies as to Interfering with This Pending Case and placing him in SHU on a fabricated Incident Report are all more Irreparable harm.

3.C) No Indication of this Court granting a preliminary Injunction will harm Defendants or will They Suffer in any way or form.

4.D) Public Interest and public policy do favor granting Preliminary Injunctions in matters as these.

Santiago also has documentation that shows Conflicting stories as to his Incident Report but again has No way of getting These Documents Copied.

Page #4

Plaintiff will now show a string of Incidents and he again emphasizes "at first glance they may seem petty and small but reflect subtle forms of Retaliation" against Santiago for his action against B.O.P. Medical Staff at F.C.I McKean.

5.) On April 21, 2005 Attorney John bies Wrote Santiago as to his 3rd Circuit appeal CA No 02-4056 (see Exibit D)

6.) On April 21, 2005 Attorney John bies Sent by Overnight U.S. Mail a letter to the Secretary in Unit DA (Santiago's Unit) scheduling a phone call for Wednesday April 27, 2005 between 10:30 AM - 11:30 AM. (see Exibit E)

7.) On April 26, 2005 Santiago Recieved a Memorandum as to his (Inmate Request to staff) By Warden James F. Sherman Saying I was placed into the Special Housing Unit on March 10th, 2005 for behavior that was perceived as being Disruptive. This is without any Reason as Santiago was Never given a Reason except one of Many lies as this Memo. (see Exibit F)

8.) On April 27, 2005 Santiago was Never Taken to Make his phone call with his attorney or even given Notice as to his phone call.

9.) On May 17, 2005 Santiago Recieved a Memorandum from Deanna M. Tronetti (Unit Manager) in Regards to Santiagos Now Pending Case No(:04-335). Santiago was advised he was authorized By

Regional office that he could keep a copy of his Civil Docket Sheet. This is something Santiago has complained about in his pending CA-No: 05-153E. Inmates Legal Papers are Taken and opened out of their presence and They (McKean Staff) are determining what you can and cannot have in your possession as to Legal papers, all in Violation of Due Process. (See Exibit G)

On The Week of May 24th, 2005 four weeks later Santiago was finally Taken To Make his phone call with attorney John Bies.

On June 1st, 2005 plaintiff Submitted an "Administrative Remedy" BP-8 #1A Regarding The SHU Law Library, Mr Strade, Copies, etc. (Santiago Never Recieved an Answer To This BP8 and it was ultimately Lost).

On June 14th, 2005 plaintiff recieved from Ms. Robare (Associate Warden) a memorandum as To my Inmate Request To Staff. In This memorandum My Request were all Ignored and unanswered. Ms. Robare stated My Requested Legal Material were placed in The Segregation Law-Library. (Santiago on his Motion #10 Recieved April 15, 2005 complained of this.) In Ms. Robare's Memo She claims No evidence was found of Mr. Strade Treating plaintiff Unproffessional or disrespecting me But all facts I presented were Ignored. (see exibit H)

On July 6th, 2005 Since My 6-1-05 BP-8 #1A misteriously got Lost Santiago rewrote another BP-8 #2A in front of Ms. Tronetti But did Not Write all The facts as his 6-1-05 stated, due To only

Seeing Unit DA Manager for (5) Five minutes Once a Week. (Was refused to copy this on 9/14/05 By D. Flatt. Education Supervisor)

On July 7th, 2005 One month Later from The date plaintiff filed his Original BP-8#1A, Plaintiff recieved an answer to his Secondary BP-8#2A and This was after Continuous inquiries. (Refused to make Copies on 9/14/05)

On July 12th, 2005 Both myself and Ms. Tronetti recieved By overnight mail from attorney John Bies, Letters regarding a 3rd Circuit appeal No 02-4056. Attorney bies scheduled a call for July 19, 2005 at 10:00 AM or if inconvenient July 20, 2005 was available. (See Exibit I )

On July 17, 2005 Plaintiff filed a BP-9 in Regards To BP-8#2A. (Refused To Copy 9/14/05)

On July 19th 2005, plaintiff Never Made his Legal Call.

On July 20, 2005, Plaintiff Never Made his Legal Call. Plaintiff Was Not informed as To any rescheduling etc.

On August 2, 2005 Plaintiffs July 17, 2005 BP-9 was rejected because Santiago did not address his full Complaint of the Law Library in SHU, Copies, Mr. Strade etc. Due to Rushing Because of the "Desperate" Need to start administrative Remedy. (Refused To Copy 9/14/05)

On August 3, 2005 Santiago Submitted his 3rd BP-8#(3) as To his prior BP-8#1A and BP-8#2A To his Unit Manager, Ms Tronetti. (Refused To Copy 9/14/05)

On August 4th, 2005 Santiago finally made his scheduled July 19, 2005 phone call to attorney John Bies in Regards To a 3rd Circuit appeal CA No 02-4056. (See exibit J)

On August 4th, 2005 after Santiago spoke to his Lawyer John Bies and They Reviewed some Legal views over the phone, Santiago said he would forward some Legal Papers to him. Some of which are Originals. After the Call Santiago Spoke To Ms. Tronetti about Sending the Legal papers which was about 2½ pounds. Ms Tronetti refused to take the Legal Mail because she wanted to review it out of Santiago's Presence Violating Program Statement 5265.11 and 28 CFR 540.16, 540.18. FCI McKean has a policy (which no inmates have seen) That any Legal Mail over a pound must go out threw The Unit Team. (Santiago has filed administrative Remedy on this.) Plaintiff and Ms Tronetti Debated this for several minutes and Then Ms Tronetti shoved The @ 2½ pounds of Legal Mail Directly at Santiagos face. Correctional Officer Gabriel Was present During This Incident. Immediately after The Incident Santiago was Taken To his cell and asked To speak To the #1 on the Range C.O. Carlson. Santiago Then called for Lt. Glenn who Came to Santiagos Cell, Santiago explained as To what had occurred and handed Lt. Glenn a Copout as to the incident. Santiago asked The incident be logged in the SHU Log with Videotape # and That Lt. Glenn Speak To C.O. Gabriel.

On August 5th, 2005 Plaintiff Spoke To

The Captain about the 8/4/05 Incident with Ms. Tronetti. The Captain said he had a policy about the Legal Mail being inspected out of Inmate Presence. The Captain said he would look into the matter.

On August 5th, 2005 Plaintiff filed a BP-8 with Case Manager Bob Fair as to the incident of 8/4/05 with Ms. Tronetti. (This BP-8 to date has not been answered)

On August 5th, 2005 at 3:00pm Lt. Glenn summoned for Santiago and they spoke in the Lt's office. Lt. Glenn said he conducted an investigation into the matter of 8/4/05 and spoke to C.O. Gabriel. I explained my side of the incident and expressed that had i done something like this i would've been charged with assault. Lt. Glenn said he spoke to C.O. Gabriel and would talk to Ms. Tronetti. I asked him if he had logged the incident of 8/4/05 in the <u>SHU Log</u>, he said he did.

On August 8, 2005 Santiago wrote attorney John Bies asking him to notify the Erie Court of the situations he was enduring. (See Returned Letter as Exibit __K__; Refused to copy on 9/14/05)

On August 8, 2005 Santiago recieved a Document from McKean Staff notifying him Legal Mail had been recieved but had to be reviewed to determine if Santiago would be allowed to posses it. (See Exibit __L__; Refused to copy on 9/14/05)

On August 17, 2005 Santiago spoke to Lt. Glenn as to his Legal Mail that came on 8/8/05 and

Santiago had not recieved it. Santiago Recieved The Documents on this Day and They had To do with CA No 04-335.

Plaintiff has Tried Exhausting administrative Remedies but has Been Unsuccessful. The Latest Were The denial of (3) Sensitive administrative Remedies as To:

10.) The SHU Law-Library, Law Books, P.S., CFR's, Copies and Mr. Strade Treating Santiago Rude and Unproffessional

11.) Ms. Tronetti's actions Towards Santiago and The policy about Inmates Legal Mail.

12.) Santiago's Counselor Doug Glenn Not Responding To his Submitted BP-8s.

The Regional office Denied all These as Not Sensitive. (see exibits A, B, C.)

Plaintiff is again in The process of appealing The Regions decision To Washington.

Plaintiff wants your honor To Know That he is working Solely from "The jailhouse Laywers Handbook" published by The Center for Constitutional Rights and The National Laywers Guild; 4th Edition, Revised in 2003. Your honor Knows That Santiago is literate. Santiago Prays an Injunction will be granted To Stop This process of Continuous forms of Retaliation That Continue even after The September 1st, 2005 hearing.

## Conclusion

Plaintiff Concludes This motion with Several

Request; That your Honor:

13.) Reconsider and Issue a preliminary Injunction for 90 days in Order to Secure all access for plaintiff to be ready for trial, including Plaintiffs Pre-Trial Statements, Interrogatories, access to Law Books, Copies, etc and Time in The Law Library.

14.) Appointment of a Paralegal for some assistance as To Santiago really has No experience and has many Unanswered Questions, especially with No Legal-Law-Library access.

15.) Appoint an Investigator to Inspect The SHU Law Library and the Conditions Santiago has for over (6) Six months been Subjected to for filing this Complaint.

16.) Order Christopher Strade or his Supervisor D. Flatt To make all requested Legal material/s available By way of photocopies at their expense. Since The SHU Law Library is inadequate and Violating my Due Process Rights.

17) Order that I be allowed to get a reasonable amount of time in the Law Library with Inmate Reginald Thaddeus gilbert Bey #03854-078 who has agreed to assist me with further Research and preparations, Especially with The Interrogatories i am Now faced with That deal To this case. This of Course Would be without Interference of The SHU's Running and Daily operations. Denial of Legal assistance from another Inmate as i have Been

a Victim of here at McKean is a Violation of Title 28 CFR Ch. V § 543.11 (F)(1)(2)(i)(ii)(4). Plaintiff has repeatedly Complained about this denial and Violation of Title 28 CFR Ch. V. § 543.11 (A) & (B) authorities are in Violation of Statutory Mandate, That Materials, and Time, research be adequately Provided.

17.) That your honor Consider having a hearing at FCI McKean where Santiago Can Present a Better Argument with many of The Documents Staff refuse To Copy, all The more The Injunction is Needed.

## Addendum

On September 14th 2005 I was refused Copies of Exibits I mentioned But are Not attached, I do However Have The Originals. This Refuse To Copy mentioned material was By D. Flatt at 3:26 P.M Education Supervisor. I handed a Inmate request To Staff To Mr. Flatt and asked him To put This in writing. This again your honor is a clear showing That Nothing has Been resolved By The Regional Representative who was present on September 1st, 2005 hearing. I Continue To be retaliated and am a Victim of GNC (get Nothing Coming)("A Treatment familiar To Inmates as Myself who file Administrative Remedies and Court actions",) Especially Since The September 1st, 2005 hearing. Plaintiff has Now Been Talking With Mr. Flatt instead of Mr. Strade Since The

Page #12

September 1st, 2005 hearing, still to no avail. Now I'm being limited to what I can send to you as <u>No</u> copies of exibits were made. McKean Staff knew I wanted copies for you and these were not allowed.

In short, "<u>I</u> am being squeezed like a Pythons Prey as to what I am allowed to submit to the Court."

Santiago prays your honor will have another hearing and issue a preliminary Injunction for 90 days with said requests.

Respectfully Submitted
Pro-Se, Ernesto Santiago 9/15/05

## Certificate of Service

I hereby certify that I have served the original and a copy of: (Motion for Reconsideration for Document #10 Injunctive Relief to prevent future Retaliation) Via First Class Mail on this 15th day of September 2005 to

Clerk of Court              Paul E. Skirtich (AUSA)
P.O. Box 1820               700 Grant Street #400
Erie, PA 16507              Pittsburgh, PA 15219
(Original)                  (Copy)

Ernesto Santiago Pro-Se
September 15th, 2005

<u>STamp file, To Return in SASE</u>

Dear Clerk, 9/15/05

Enclose please fund and file CA-No 04-335E 26 pages in Total of (Motion for Reconsideration for Document #10 Injunctive Relief to prevent future Retaliation) Can you please stamp file This for my file in Order to know you have received This. Thank you very Much.

Sincerly,
Ernie Santiago