IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERNESTO SANTIAGO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04-335E |
| ) | Judge McLaughlin |
| UNITED STATES OF AMERICA, ) | Magistrate Judge Baxter |
| ) | |
| Defendants. ) | |

### DECLARATION OF DEANNA M. TRONETTI

I, Deanna M. Tronetti, hereby declare as follows:

1. I have been employed by the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution (FCI), McKean, since April 1989. Although I have held a number of positions at FCI McKean, I am currently a Unit Manager for Units "D" and "BB". As part of my official responsibilities, I make routine tours, or rounds, through the SHU. This declaration is based on personal information and information I have received in my official capacity.

2. I am familiar with the Plaintiff in this matter, FCI McKean inmate Ernesto Santiago, Reg. No. 90304-038. He is assigned to D Unit, although he is currently housed in the Special Housing Unit. I understand he alleges that while I was making rounds through the Special Housing Unit (SHU) at FCI McKean I refused to review legal documents he wanted placed in outgoing mail.



DEFENDANT'S EXHIBIT 7

3. At FCI McKean, prior to an inmate being permitted to mail out a volume of documents that requires a package authorization (generally over one pound), the materials must be examined by staff. The examination consists of a cursory review of the materials to make sure they are appropriate for mailing out under special mail. The review does not consist of reading the materials. If the inmate is housed in the SHU, he has the option of providing the material to staff for examination at a later time, or, if staff are available at that time, having the material examined in the presence of the inmate. After examination, the materials are sealed in the envelope, a package authorization form is completed, and the package is taken by staff to the mailroom. This process is usually conducted by Unit Team members, generally a correctional counselor.

4. On the particular day in question, I was fulfilling part of my Unit Manager responsibilities by making rounds through the SHU, talking with inmates assigned to my units to determine if any issues could be resolved. The Plaintiff was in the inside recreation room on one of the ranges in SHU when he requested that I exam his materials. I explained to him that I could not do it at that time as I was making rounds through the SHU. I offered to exam the materials later, but he refused.

5. The Plaintiff was advised that if he had concerns with staff examining his materials, he could separate the materials into amounts that did not require a package authorization form or staff review.

-2-

6.  At the time of the incident, I did not know what the materials were nor did I have any knowledge that he had a lawsuit pending. It was not until a later date that I became aware that he had a lawsuit pending.

In accordance with 28 U.S.C. §1746, I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated: October 28, 2005

*Deanna M. Tronetti*
Deanna M. Tronetti
Unit Manager
FCI McKean

-3-