IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERNESTO SANTIAGO,
  Plaintiff

v.    CIVIL ACTION NO. 04-335 ERIE

UNITED STATES OF AMERICA,
  Defendant

STATUS CONFERENCE

Proceedings held before the HONORABLE

SUSAN PARADISE BAXTER, U.S. Magistrate Judge,

in Judge's Chambers, U.S. Courthouse, Erie,

Pennsylvania, on Thursday, September 1, 2005.

APPEARANCES:
  ERNESTO SANTIAGO, Plaintiff herein, (via Phone),
  appearing Pro Se.

  PAUL E. SKIRTICH, Assistant United States
  Attorney, (via Phone), appearing on behalf of
  the Defendant.

Ronald J. Bench, RMR - Official Court Reporter

2

```
1              P R O C E E D I N G S

2

3              (Whereupon, the proceedings began at 9:05 a.m., on

4    Thursday, September 1, 2005.)

5

6              MR. SKIRTICH:  Your Honor, this is Paul Skirtich

7    from the U.S. Attorney's Office, hopefully when I press this

8    button we'll have everybody on.  Ms. Lee?

9              MS. LEE:  Yes.

10             MR. SKIRTICH:  Mr. Santiago?

11             MR. SANTIAGO:  Yes, sir.

12             MR. SKIRTICH:  Judge, we have everyone on the line.

13             THE COURT:  Thank you, Mr. Skirtich, good morning
```

14  everyone.  Mr. Santiago, you may not be aware of this, but the

15  court system here in Western District of Pennsylvania went

16  online, all documents are scanned online or filed that way

17  about two months ago.  And we are losing things left and right.

18  And so that started us to review your case because we couldn't

19  find your motion.  You filed for appointment of counsel back in

20  the early spring.  Once we found that, we were reviewing your

21  case and we found all sorts of things that were concerning to

22  us and we worried about where this was going.  So even though

23  the discovery period has not been completed, we wanted to have

24  this hearing today to try to figure out, this conference to try

25  to figure out where we are and where we are going.  Before we

3

1  do that, my staff attorney here just pointed out to me that we

2  don't know who Ms. Lee is.  Ms. Lee, who are you?

3       MS. LEE:  I'm assistant regional counsel at the

4  Northeast Regional Office for the Bureau of Prisons in

5  Philadelphia.  I'm an attorney with the Bureau of Prisons.

6       THE COURT:  Thank you, very much.  And your first

7  name?

8          MS. LEE:  Diana.

9          THE COURT:  First of all, in your motion that we

10  found after it was lost, Mr. Santiago, it's docketed as number

11  13 on our docket sheet, and it is entitled motion for direction

12  from the court.  In it the first thing that gives us great

13  concern is that you say your complaint has 70 pages of exhibits

14  and color copies of pictures?

15          MR. SANTIAGO:  Yes, ma'am.

16          THE COURT:  I have a complaint in my file that is

17  not as described --

18          MR. SANTIAGO:  Can I ask who I'm speaking to?

19          THE COURT:  This is Magistrate Judge Baxter.

20          MR. SANTIAGO:  Judge Baxter, I was referring to the

21  order that I got from your office regarding the October

22  discovery that was due.  Now, my complaint is that I have all

23  discovery, I got color pictures, my family have color pictures

24  that they were going to forward.  My situation is I asked for

25  appointment of counsel, I don't want to release my original

4

1  documents that I have to any staff here.

2       THE COURT:  That's part of what discovery is about,

3   they have to give you everything they use in trial, you have to

4   give them everything that you're going to use in trial, so

5   there are no surprises.  At some point you're going to have to

6   give copies of those away.  Is there a way you can make copies

7   of those?

8       MR. SANTIAGO:  That's the problem, I'm here.  I'm

9   having a problem getting my discovery copied, I got over 70

10  pages I'm going submit for discovery.  That's why I asked for

11  appointment of counsel, I would feel more secure if I could

12  hand over my original copies of discovery pertaining to

13  anything I mention in the complaint, the pictures, have them

14  forwarded to the attorney's office.

15      THE COURT:  Let me ask you this.  Has the government

16  asked you for these documents?

17      MR. SANTIAGO:  I haven't heard from the government

18  except for an answer for the defendant, and then I got the

19  order from your office.

20      THE COURT:  First of all, you know that the courts

21  do not have the power to simply appoint an attorney for you

22  because it's a civil case.  We can only ask attorneys if they

23  wish to help out in a case.  And we only do that, under the law

24  of the circuit, we only do that when it's a case that is too

25  complex for the plaintiff to handle.  I think you have a handle

5

1  on it, I'm not in a position right now to rule that you would

2  be unable to continue prosecuting your own case.

3       MR. SANTIAGO:  Okay, Judge Baxter, my situation is

4  I'm been placed in the hole in segregation.  I've been placed

5  in the hole since March 10th.  The segregation law library is

6  not adequate for me to do research, for me to look at cases.

7  It is an empty room -- doesn't have a law library, doesn't have

8  a typewriter, doesn't have the Federal Rules of Criminal

9  Procedure.  You have to order all that, you have to request all

10  that from the main law library in the compound.  What happens

11  is in the hole, segregation, there's over a 110 inmates locked

12  up there.  When an inmate asks staff to go to the law library,

13  it takes seven to ten days.

14       THE COURT:  All right.  Let me point out to you, you

15  have nothing due with this court.

16       MR. SANTIAGO:  Discovery is due from your order.

17       THE COURT:  Discovery is the period where you look

18  for the documents and the evidence that you need.  Take a look

19  at the federal rules on discovery.  And you had to ask for

20  documents from the defendant for discovery if you needed them.

21  And you had to ask them interrogatories or questions that you

22  need to have answered to prosecute your case.  And you have

23  until October 18th -- no, October 4th to do those things.

24  That's what discovery is about.  You don't have to give me

25  those documents, just have to collect them for your own use so


6


1  you can prosecute your case.

2        MR. SANTIAGO:  Judge Baxter, your order says

3  discovery is due to the court by October 4th.

4        THE COURT:  No.  Let me read the order.  That's not

5  what it means.  We mean discovery has to be completed,

6  discovery is due.  That means all the discovery you're

7  requesting from the other side, you must request by October

8  4th.

9        MR. SANTIAGO:  I have to submit my discovery by

10  October 18th?

11        THE COURT:  No, file your pretrial statement.  In my

12  opening document it explains what the pretrial statement is.

13      MR. SANTIAGO:  My situation is, like I'm trying to

14  tell you, Judge Baxter, I don't have access to the local rules.

15  I've been asking to see the local rules here.  They have none

16  of the books in the library, it's just an empty cell.  I was in

17  the process, I didn't know this was a legal phone call to talk

18  to you, I don't have my legal paperwork with me.  I don't have

19  anything, I'm just standing here trying to think off the top of

20  my head.  My problem is I've been in segregation, the law

21  library doesn't have anything, it's just an empty room.  Every

22  time I request material, I never get it.  How am I supposed to

23  know how to make copies to send you.

24      MR. SKIRTICH:  Judge, if I may, this is Paul

25  Skirtich.

7

1      THE COURT:  Mr. Skirtich.

2      MR. SKIRTICH:  Thank you.  When I send the request

3  for documents, and I have one prepared today for the copies of

4  whatever Mr. Santiago is referencing, we will make arrangements

5  to photocopy those documents and somehow we're going to do that

6  while Mr. Santiago is present, so he will be able to control

7  the documents he has.

8         THE COURT:  But I'm concerned, Mr. Skirtich.

9  There's a constitutional problem if a person is in segregation,

10  in the RHU or whatever it's called, and they're requesting

11  Federal Rules of Civil Procedure so they can prosecute their

12  case and they aren't receiving any.

13         MR. SANTIAGO:  And the law library is nothing but an

14  empty room.  Material is brought from the population, by the

15  time they bring the material and set it in the law library, an

16  empty room, an empty cell, by the time you make it out there,

17  the material is taken back because your time has expired.  I

18  originally had a problem, I don't have a problem with releasing

19  the documents to the judge, not an attorney, I'm not going to

20  release my legal documents to the BOP staff, my complaint is

21  against them.

22         THE COURT:  You have to.  That's part of discovery.

23  You have to give each other what you have.  Mr. Santiago, he

24  said that he will copy them with you present.  So you have to

25  release them to him.

1          MR. SANTIAGO:  And I understand that what they say

2     now, Judge Baxter, then someone will come down here, let me get

3     the papers, I'm going to take them and copy them.  The last

4     time they said that, the paper I give them, it wasn't until I

5     started arguing I was going to complain to Judge Baxter and

6     they say said oh, we found them.

7          MR. SKIRTICH:  I'm not aware of that.  Ms. Lee,

8     can't we assure Mr. Santiago that this time when we photocopy

9     these papers, he will be there, even though he's in the SHU.

10          MR. SANTIAGO:  That's what they say here, it don't

11     happen.  I already submitted a motion to Judge Baxter

12     complaining about that they took my legal papers and then they

13     said they didn't have them.  I had to say I want my legal

14     papers -- they found them after weeks of my complaining.

15          THE COURT:  Here's the deal.  If they come to copy

16     them and they're not allowing you to go with them as they copy

17     them and you don't give them up, you will be back with me,

18     that's how it works.

19          MR. SKIRTICH:  I agree to that, I have no problem

20     with that.

21          THE COURT:  Ms. Lee, can you assure me that this man

22   will have at least two hours in the empty cell with the Federal

23   Rules of Civil Procedure so he can read how it works in

24   discovery?

25          MS. LEE:  Yes, your Honor.


                                    9


1          MR. SKIRTICH:  We're going to try get this done as

2   soon as possible, judge.  What I propose is that we can try to

3   do this next week.  Whenever we do it, I will alert your

4   chambers that it's happening on a date and time.  If I have to

5   go up there to get the copies to make sure that Mr. Santiago's

6   rights are protected where he's present, I will assume the

7   court that will happen.

8          THE COURT:  Thank you very much.

9          MR. SANTIAGO:  And can I say something, Judge

10   Baxter.

11          THE COURT:  I just want to point out that we're on

12   the record, there's a court reporter in my office, so Mr.

13   Skirtich has said that on the record, so has Ms. Lee.

14          MR. SANTIAGO:  And can I say something, Judge

15  Baxter?

16        THE COURT:  Go ahead.

17        MR. SANTIAGO:  I understand that Mr. Skirtich and

18  Ms. Lee is saying, I respect their opinions.  I was in the

19  process of filing an injunction to you, I've been in this

20  situation since I got down here on March 10th.  The law library

21  is nothing but an empty cell.

22        THE COURT:  I don't have a motion for an injunction

23  in front of me.  We have now corrected this problem, there is

24  no need.  If you want to file a lawsuit on the law library

25  situation, that's something separate.  All right.  We solved


10


1  the problem.

2        MR. SANTIAGO:  Okay.  My situation is all my papers

3  that I have, all my copies I'm going to submit for discovery is

4  all original documents.

5        THE COURT:  We've just taken care of that.  Did you

6  hear what he said.  Mr. Skirtich is going to arrange to have

7  them copied, will you take the original back to him yourself,

8  he will make the copies, all right?

9        MR. SANTIAGO:  All right.

10        THE COURT:  Next thing.  Is it the plan of the

11   government to file a dispositive motion at the end of

12   discovery?

13        MR. SKIRTICH:  If we can, judge.  If we can.  And

14   the reason, we're going to take Mr. Santiago's deposition --

15        THE COURT:  I'm confused, in your answer you brought

16   up exhaustion, you've brought up a statute of limitations

17   problem?

18        MR. SKIRTICH:  Yes.  Those will be brought up in a

19   motion for summary judgment.  I'm sorry, what I was alluding

20   to, judge, we're still going to take his deposition to

21   determine the facts of this case, because right now there is

22   clearly a dispute as to what one side is saying against the

23   other.  But the technical remedies will be brought up in front

24   of you, yes.

25        THE COURT:  I would have thought a motion on the

11

1   pleadings or some sort of motion to dismiss, but we haven't

2   seen that.  Then we will continue with the October 4th

3   deadline.  If there are any documents or any questions that you

4   need to have answered, Mr. Santiago, those have to be done,

5   those have to be sent to the defendant, the United States of

6   America, Mr. Skirtich, by October 4th.  That's discovery.  And

7   Ms. Lee has agreed to let you look at the Federal Rules of

8   Civil Procedure.  I send you to the 30's.  26 to 30's, so you

9   can see those rules are discovery.  And you can see how you're

10  supposed to send those questions or requests to the United

11  States of America.  If you do not do that by October 4th, then

12  you can't ask them for any other documents, all right.

13        MR. SANTIAGO:  Can I say something, Judge Baxter.

14  Just because Mr. Skirtich mentioned, they claim that I didn't

15  file administrative remedies, that's what they mentioned right

16  now.

17        THE COURT:  It was their answer, they haven't made

18  any motion on that.

19        MR. SANTIAGO:  Because I did file administrative

20  remedies, I have copies, I did exhaust the court claims.

21        THE COURT:  Then you'll be ready to respond to that

22  if that comes up in any of their papers.  They haven't filed a

23  motion on that, okay.  So what he's saying, though, after

24  deposition, after he deposes you, which you know what that is,

25  he's going to ask you questions under oath.  After he does

12

1  that, then he's going to determine whether or not to file a

2  motion for summary judgment.  And then at that point you would

3  have to respond to it, if one is filed.  If not, we'll go

4  straight to trial.

5          MR. SANTIAGO:  I have another question, judge.

6          THE COURT:  Sure.

7          MR. SANTIAGO:  When Mr. Skirtich and me answer to

8  the defendant, they in that motion, they said they admit and

9  they deny in part.  If they're admitting and denying in part

10  the claims in the complaint that I made, I have copies of

11  everything that I filed the complaint about, what is he going

12  to give me for discovery, if he's denying in part everything?

13          THE COURT:  That would be legal advice for me to

14  tell you.  All you have to do is go through your complaint,

15  decide what it is you need to show the court to prove what

16  you're claiming in your complaint.  If you have all the

17  documents and all the information you need to prove your

18  complaint, then you don't need anything from Mr. Skirtich.

19          MR. SANTIAGO:  All right, judge.

20          THE COURT:  All right.  Then that's it, okay.  So we

21  have then pending a motion for direction of court, I now have a

22  better handle on that, I thought we were missing a lot of the

23  documents attached to the complaint, they weren't attached to

24  the actual document.  We also have pending a motion for

25  appointment of counsel -- further retaliation.  In your motion


                          13


1  for appointment of counsel, you wanted us to issue some type of

2  order to keep the plaintiff from further retaliating is how you

3  put it.  I have construed that to be a motion for injunctive

4  relief.

5          MR. SANTIAGO:  Exactly.

6          THE COURT:  The retaliation in here it is that

7  you've been kept in the hole?

8          MR. SANTIAGO:  They placed me in the hole on March

9  10th.  They've been tampering with my legal mail.  I sent a

10  motion to your office, they opened my legal mail.  I had the

11  original envelope they sent back.  They haven't been letting me

12  go to the law library.  They're retaliating for me filing a

13    complaint against BOP medical staff.

14        THE COURT:  Mr. Santiago, hold on a second.  Let me

15    ask you, this is for administrative reasons during an

16    investigation, is that correct?

17        MR. SANTIAGO:  Yes, ma'am.

18        THE COURT:  An investigation of inciting a

19    demonstration?

20        MR. SANTIAGO:  Encouraging a demonstration, which I

21    intend to challenge, I was at work that day.

22        THE COURT:  Mr. Skirtich -- where is this at this

23    stage, do you know?

24        MR. SKIRTICH:  I believe that Mr. Santiago is due to

25    come up before a disciplinary hearing officer shortly.


                            14


1        MS. LEE:  Within one week, your Honor.

2        THE COURT:  So he has been charged?

3        MS. LEE:  Yes, your Honor.

4        MR. SANTIAGO:  They've given an incident report on

5    May 19th.  They suspended it for almost four weeks.  And then

6    retained the incident report, Judge Baxter.  I asked to show me

7  what proof they have.  They said they have two confidential

8  informants that said I was in the law library copy a flier

9  about a food strike.  During the food strike I was at my job.

10      THE COURT:  Then you have to make that defense in

11  your disciplinary hearing.  That's not in front of me, I'm not

12  deciding that.  But that's why you're in the SHU.  I cannot

13  respond by giving you an injunction because it's not

14  retaliation if they filed charges against you.

15      MR. SANTIAGO:  I'm not saying -- this is all tied

16  together Judge Baxter.  They put me in the hole, they know in

17  the hole I have no access to the law library.  Then they took

18  my mail and they claimed they took my legal mail, it was

19  brought to your chambers, they said they didn't have it.  I had

20  to argue with them.  They constantly put me in a cell down here

21  where there is no access to the law library.  How am I supposed

22  to argue in the case when I don't have access to law books --

23      THE COURT:  We're going to remedy that.  Ms. Lee,

24  let me just explain something to you.  I have worked with the

25  Federal Correctional Institution at McKean for 10 years.  And I

15

1  have had a consistent problem at McKean because the

2  correctional officers on the units, the day-to-day guys who are

3  on the streets, have a difficult time with the theory that

4  inmates have a constitutional right to prosecute cases.  And

5  especially when they're against the officers.  And we have had,

6  I mean, there are always litigious people in the prison system

7  and you know that.  I have had more difficulty with these folks

8  than with any of the state correctional facilities that I deal

9  with.  Now, part of my problem has been, I've been through

10  about 10,000 it seems superintendents there.  They flip over so

11  quickly.  I want to be sure that Mr. Santiago, as well as all

12  the other civil prisoner plaintiffs at McKean, have the

13  opportunity to file grievances, have the opportunity to get the

14  paperwork to file grievances.  Have the opportunity to have

15  their legal mail kept unread, and have the opportunity to get

16  to the law library or law books so they can prosecute their

17  cases.  So you can take that back to them for me.  I've talked

18  to superintendents time after time.  I've talked to many

19  people, I have written scathing comments in my opinions, in

20  footnotes and in the body saying I know what's going on.  So it

21  could be a whole lot easier if you conveyed that.  And, Mr.

22   Santiago, it's never easy to prosecute a civil case, especially

23   when you're suing the people who are your jailers.  But you

24   have to keep at it, I will make sure they follow the rules.

25          MR. SANTIAGO:  Before you make a ruling, can I say


16


1   something.  Because you mentioned, because McKean knows, if you

2   ever came down and you looked at the law library they have in

3   segregation, it's nothing but an empty cell with no law books.

4          THE COURT:  That's okay, they're allowed to do that

5   if you get the books from the main law library.

6          MR. SANTIAGO:  The problem is when they send books,

7   it's five to seven days, seven to ten days when you get the

8   books.  Now, staff knows that, you have to exhaust

9   administrative remedies -- the administrative remedies get

10   lost.

11          MS. LEE:  He has filed multiple remedies.

12          MR. SANTIAGO:  My counselor is here right now, they

13   haven't been denied.  I got copies, they don't respond to them,

14   they know it will get rejected -- the BP-9.

15          THE COURT:  Ms. Lee, I'm taking what he's saying

16  seriously because I've had prisoner after prisoner with that

17  problem.  They can file to administrative exhaustion, they can

18  play that card, if they don't give them the answers, so then it

19  draws it out.  And then there's a timeliness problem.  Now, I

20  have let cases go through and have not and the circuit has not

21  reversed me.  He said they're not giving him the response in

22  time.  I've had prisoner after prisoner -- but these prisoners

23  have to be responded to.

24        MS. LEE:  Yes, your Honor.

25        THE COURT:  All right.  He says he's filing


                              17


1   grievances but he's not getting the response required to take

2   them to the next level.  They can't appeal them if they don't

3   get a response.

4         MS. LEE:  Yes, your Honor.  I understand your

5   concern.  I will take that back -- from what I see in the

6   record, they're in the process of --

7         THE COURT:  I don't mean to jump all over you.

8   I want you to know, I don't know how aware you are of this

9   situation at McKean, but I've been all over them like a cheap

file:///A|/SANT-9-1.TXT

10  suit.  Mr. Skirtich.

11      MR. SKIRTICH:  Judge, if I may.  Two thoughts, I

12  know I'm on the record, I cannot make promises to you that I

13  know I can't keep yet.  Because I haven't discussed it with Ms.

14  Lee.  But here's two thoughts.  Number one, I'm going to see if

15  it's possible, I know I can copy the Federal Rules of

16  Procedure, at least as it completely involves discovery.  And I

17  will see if I can get a copy sent to Mr. Santiago that he can

18  keep it, okay.  That's one.

19      Secondly, if, depending on how voluminous it is, we

20  will on this case with Mr. Santiago, I will ask Ms. Lee after

21  this phone call is over, to just briefly document where we are,

22  at least for me in the stages of every complaint that he has

23  filed at the present time.  And if he wants us to put that in

24  some sort of format, we will share that with Mr. Santiago and

25  the court.  So that, again, you can keep abreast of what's

18

1  going on here.  And I think that also sends a message back to

2  the United States that we have to be timely with the prisoner,

3  especially Mr. Santiago.  Those are two things, we're going to

4    do that.

5        THE COURT:  I appreciate that.  The last thing I

6    would ask is you do check with whoever Officer Strait is, who

7    doesn't want to allow law library books to the SHU, tell him he

8    has to.

9        MR. SKIRTICH:  I'll make sure if there's a problem,

10   I will relay that message myself.

11       MR. SANTIAGO:  Can I say something, Judge Baxter.

12       THE COURT:  One more thing, Mr. Santiago.

13       MR. SANTIAGO:  Judge Baxter --

14       THE COURT:  Go ahead.

15       MR. SANTIAGO:  I filed a BP-8 against Chris Strait.

16   He is the education person who brings the law books.  I

17   identified everything, I don't even get the law books.  I file

18   these BP-8's -- never got responded to.  I don't get the law

19   books, I don't get the federal procedures.  I don't get --

20       THE COURT:  Here's the deal, it's going to change.

21   You have Mr. Skirtich's word and Ms. Lee's word.  You know

22   what, I trust them.

23       MR. SANTIAGO:  Okay.

24       THE COURT:  All right, I will rule on all the

25   pending motions, you'll get copies of the rulings, I'm taking

19

1  them under advisement on the record.  You'll get copies of

2  those rulings, Mr. Santiago.  And prepare for the October 4th

3  date, all right.

4         MR. SANTIAGO:  And they're going to make the copies

5  for the October 4th date?

6         THE COURT:  Yes, they're going to have them with you

7  when you make them --

8         MR. SANTIAGO:  Yes.

9         THE COURT:  We're adjourned, thank you all very

10  much.

11          MR. SKIRTICH:  Thank you, judge.

12

13         (Whereupon, at 9:33 a.m., the proceedings were

14  concluded.)

15

16                  - - -

17

18

19

20

21

22

23

24

25

20

1        C E R T I F I C A T E
         – – – – – – – – – –

2

3

4        I, Ronald J. Bench, certify that the foregoing is a

5    correct transcript from the record of proceedings in the

6    above-entitled matter.

7

8

9

10   _____

11   Ronald J. Bench

12

13

14

15

16

17

18

19

20

21

22

23

24

25