```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

ERNESTO SANTIAGO,                )
                                 )
        Plaintiff,                )
                                 )
    v.                            )  C.A. No. 04-335 ERIE
                                 )
THE UNITED STATES OF AMERICA,     )  JUDGE McLAUGHLIN/
                                 )  MAGISTRATE JUDGE BAXTER
        Defendant.                )

## DEFENDANT'S PRETRIAL STATEMENT

AND NOW comes the Defendant, by and through its counsel, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania and Paul E. Skirtich, Assistant U.S. Attorney for said district, and hereby submits the following Pretrial Narrative Statement in accordance with Local Civil Rules of Court LR 16.1.4.

Defendant hereby reserves the right to amend this pretrial memorandum prior to trial, including possible addendum to exhibits and witnesses.

## I. STATEMENT OF CASE

Plaintiff claims that medical officials at the Federal Correctional Institution at McKean, Pennsylvania caused him permanent injury due to their negligence. He has filed a federal Tort Claim action seeking five million ($5,000,000.00) dollars.

Plaintiff is a federal inmate who was sentenced to a fifteen-year term of incarceration on March 28, 1995 for felon in possession of a firearm in the District of Massachusetts.

Plaintiff has been imprisoned at FCI McKean.

While Plaintiff was at FCI McKean, Plaintiff alleges that he suffered permanent injury due to negligence by the prison medical personnel.

In Plaintiff's complaint he alleges that prior to May 27, 2002 all medical personnel at the facility treated him professionally and were attentive to his concerns. From May 28, 2002 until the present, however, Plaintiff alleges the treatment he received was negligent. Plaintiff does not explain the reason for the change in his treatment.

Plaintiff's complaint outlines at least twenty-six (26) medical visits from May 24, 2002 through October 19, 2004. The chief complaint appears to be that the medical staff would not perform "complete blood test and sputum" culture at Plaintiff's request after a positive test for the presence of Staphylococcus aureus. Plaintiff complained of a reoccurring problem with swollen lips and a yellowish puss-like substance leaking from his lips.

## II. POSITION OF THE UNITED STATES

At the outset, it is important to note that Plaintiff's claim is one exclusively under the Federal Tort Claims Act (FTCA) for allegedly negligent medical treatment by the medical staff at McKean; this is not a lawsuit for a violation of Mr. Santiago's constitutional rights. As such, Plaintiff must prove to a

reasonable degree of medical certainty that the medical care he received for the treatment of a Staph infection did not meet the standard of care.

At this time, the United States avers that Mr. Santiago cannot meet his burden since he has no medical expert who opines that the treatment by the medical staff at McKean was substandard.[1]

Notwithstanding the above argument and continuing for the sake of this document, the United States will show at trial that Plaintiff received proper care and treatment for his staph infection.  At trial, the United States will produce the treating medical personnel who will recount, by the prison medical records, their timely and consistent medical treatment of the Plaintiff.  This testimony will establish the many trips made by the Plaintiff to the prison hospital and the care given. Further, after hearing of Plaintiff's complaints, the medical staff took samples from Plaintiff and mailed the cultures to a laboratory for testing.  There, a diagnosis of Staphylococcus aureus was made. Within 48 hours, the prison staff informed Plaintiff of this diagnosis and prescribed medication that same day.  Within a month, the prison staff treated the Plaintiff on eight (8) occasions and prescribed medications at least five (5)

---

[1] Defendant files simultaneously with this pleading a Motion for Leave to File a Motion for Summary Judgement out-of-time, for the dismissal of Plaintiff's case due to his lack of expert testimony.

times.  When the complaints from Plaintiff persisted, prison doctors contracted and sent Plaintiff to a skin specialist who examined and prescribed ointment for Plaintiff's lip condition. In this way, the medical staff met the standard of care for Plaintiff's condition.

The United States will also show at trial that Plaintiff admits to treatment on at least twenty-six (26) occasions, from May 24, 2002 through October 19, 2004, while housed at McKean.  Further, Plaintiff admits that he does not continually suffer from this condition; at the present, Plaintiff bears no visible marks of his staph infection.

At trial, the United States will show that on May 25, 2001, Mr. Santiago arrived at FCI-McKean with a medical history significant for hyperlipidemia, degenerative joint disease of the left knee, and an allergy to penicillin.  After his arrival, Mr. Santiago was seen by medical staff, including but not limited by the clinical director, medical officer and a private dermatologist, sixty-one (61) times by early January, 2004. Thereafter, Plaintiff was seen for various ailments, including claims of a rash on at least eight occasions.  On May 27, 2002, Mr. Santiago was sent to Bradford Regional Medical Center for treatment of a right lower lobe pneumonia.  Fluid was drained from the lung, IV antibiotics were given and Mr. Santiago was returned to the institution on June 4, 2002.  Until being cleared to resume exercising on August 5, 2002, Mr. Santiago was seen an

additional twenty (20) times at follow up visits by prison medical staff.

On August 29, 2002, prison medical staff evaluated Mr. Santiago's complaints of dry, cracked lips and dry skin on his head.  On October 8, 2002, Mr. Santiago offered that he ate strawberries that caused lip swelling.

On November 1, 2002, staff noted eczematous lesions on Mr. Santiago's arms and forehead for which a steroid creme was prescribed.

On April 23, 2003, Mr. Santiago was cleared to work in food service at the prison and he denied skin rashes or lesions.

 On July 24 and 25, 2003, Mr. Santiago complained of a swollen left eye and swollen lips.  The prison medical officer concluded that the cause was eczema and prescribed cream.

On July 29, 2003, Mr. Santiago's complete blood count with differential was normal.

On August 8, 2003, Mr. Santiago returned to health services whose culture was taken by prison staff.  The results were positive for Staphylococcus aureus, and negative for herpes.  Mr. Santiago was placed on antibiotics and by August 13, 2003, the fissures in his lips and the swelling resolved.

On August 18, 2003, Mr. Santiago returned to the prison hospital with the same complaints.  As a result, on October 9, 2003, a private dermatologist examined Mr. Santiago at his Olean, New York office.  The dermatologist noted some fissuring of the

lips of Mr. Santiago as the inmate estimated he had been suffering from swelling and cracking of his lips for about three months. The dermatologist learned that the lips had been cultured and diagnosed with Staph aureus and that oral antibiotics had been prescribed. The dermatologist swabbed Mr. Santiago's nasal passage and noted scale on a cheekbone but Mr. Santiago offered that he had a rash on various parts of his body due to a reaction to medications. The dermatologist found that the inside of Mr. Santiago's mouth was normal and lab results confirmed that Mr. Santiago was not a staph carrier. A prescription of Bactroban cream was given to Mr. Santiago.

On October 24, 2003, Mr. Santiago admitted that his lips were improving.

On December 10, 2003, Mr. Santiago was cleared for work.

On December 15, 2003, a repeat complete blood count, chemical profile and culture were taken; results to all were normal. On December 17, 2003, a nasal culture was taken.

On December 31, 2003, a repeat culture of exudate from the lips was taken and the patient was found to be without fever.

On January 5, 2004, the culture was returned as no bacterial growth and negative for herpes. On February 11, 2004, May 18, 2004, and on October 19, 2004, prison medical staff concluded Plaintiff suffered from chapped and cracked lips, and prescribed ointment for this condition. On August 2, 2005,

prison medical workers diagnosed Mr. Santiago as suffering from dermatitis, and on September 20, 2005, medical staff concluded he had eczema on his arms and legs.  At the time of his November, 2005, deposition, Mr. Santiago admitted that his lips appeared normal then but periodically deteriorate.  At all times, medications and ointments were prescribed to address Mr. Santiago's lip problem.  Prison medical staff believe that Mr. Santiago suffers from chapped lips in part due to chronic licking and picking plus an allergic component, the latter resulting in the prescribing of antihistamines.

The United States avers that, at a minimum, prison staff met the standard of care in the treatment of Mr. Santiago.

### III. LEGAL ANALYSIS

The Court should end this litigation and dismiss all of Plaintiff's claims.

Judgment should be entered in favor of the United States on Plaintiff's Complaint because Plaintiff's medical malpractice claim fails to conform to the medical malpractice standards of Pennsylvania law.  It is clear under Pennsylvania law that a plaintiff cannot sustain a claim for medical malpractice without producing a sufficient expert report or testimony.  Plaintiff has failed to do so and, as such, has failed to create a genuine question of material fact.

In support of his claim, Mr. Santiago provides some of his prison medical records, letters from an apparent medical

researcher and various correspondence. Missing, however, is any medical expert report which opines, to a reasonable degree of medical certainty, that the medical staff at McKean failed to meet the standard of care. As such, the United States avers that Mr. Santiago cannot carry his burden and that his claim must be dismissed, in the same way as this Court ruled in <u>Nyhuis v. United States</u>, C.A. No. 00-232 E, which was affirmed by the Third Circuit Court of Appeals at No. 05-2859, on November 4, 2005. (See attached Docket Sheet, C.A. No. 00-232 E; December 13, 2004 hearing transcript; and, the judgment by the Third Circuit). Upon receipt of their expert medical report, the United States will file an in limine motion with supporting memorandum that Mr. Santiago's claim must be denied.

### V. **FACTS RELATED TO ALLEGED DAMAGES**

As Plaintiff cannot prove medical malpractice, Mr. Santiago is note entitled to any recovery. The United States paid for all medical treatment given to Mr. Santiago.

### VI. **WITNESSES**

The United States may call some and/or all of the following individuals as witnesses at the trial of this action:

All of the following are current or former employees of the Bureau of Prisons who were involved in the treatment of Mr. Santiago during the events of this law suit and can be contacted through counsel for the United States:

E. Asp, P.A.

-9-

H. Beam, M.D.

M. Berhane, P.A.

J. Corral, P.A.

Gracia Fairbanks, P.A.

Mike Flowers

Violette Geza, Pharmacist

J. Glenn

Associate Warden Gary Grimm

D. Helms, R.N.

Matthew Holmes, Pharmacist

J.R. Konijeti, M.D.

Lab Technicians

Labrozzi, P.A.

Charles D. Lee, M.D.

A. Martinez, Pharmacist

S.R. Malyala, M.D.

McCullom, M.D.

M. Miller, P.A.

Todd Montogmery, P.A.

D. Navarro, P.A.

C.R. Nicolosi, M.D.

Dennis Olson, M.D.

Thomas J. Pain III, M.D.

Tom Perry

T. Petrozzi

Plotrowski, P.A.

Radiologist, FCI-McKean

Sandra Rimer, R.N.

L. Romero, P.A.

Lt. Roy

Maurice H. Rowell, Jr., M.D.

Bonnie Saylor, P.A.

Howard P. Schiele, M.D.

Dr. Scully

Health Administrator Smith

C.A. Stratman, M.D.

M. Swann, R.P.A.-C.

Denise Tanner, H.I.T.

J. Tharp, M.D.

D.J. Tom, M.D.

Dr. Vaccaro

Mark Welch, M.D.

All of the following are private citizens who may also be called as witnesses for the United States as persons who were involved in some way in the treatment of Mr. Santiago during the events of this law suit:

Expert Medical witness

Lab Technicians

G. Thomas Spigel, M.D., Olean, New York

The United States also reserves the right to call as

witnesses any of the persons listed on the Pretrial Statement of Plaintiff and/or other persons who may subsequently become known to have knowledge regarding this case, and/or any of the persons who may otherwise be named, appear or who are referred to in the pleadings, interrogatories, medical records, or in any part of the records of this action.

## VII. **EXHIBITS**

The United States may offer some and/or all of the following as exhibits at the trial of this action:

Exhibit #

1. Expert Medical Report (to be submitted when provided after review of the medical records is completed.)
2. Report of G. Thomas Spigel, M.D., and his treatment records
3. Lab reports/tests
4. Copies of Prescriptions
5. X-rays
6. Mr. Santiago's federal prison medical file (approximately 259 pages)
7. Excerpts from Mr. Santiago's deposition of November 2, 2005
8. Demonstrative evidence: Prison Treatment timeline
9. Demonstrative evidence: Prison Prescription timeline

The United States may also offer in evidence some and/or all of the exhibits set forth in the Pretrial Statement of Plaintiff, or any exhibits which may be set forth, appear, or be referred to in the pleadings, depositions, interrogatories or in any part of the record in this action.

## **RESERVATIONS**

The United States reserves the right to amend this Pretrial Statement prior to the trial of this matter.

In connection with all of the foregoing, Defendant also reserves the right to use rebuttal and impeachment evidence.

```
                              Respectfully submitted,


                              MARY BETH BUCHANAN
                              United States Attorney

                              By:

                              /s/ Paul E. Skirtich
                              PAUL E. SKIRTICH
                              Assistant U.S. Attorney
                              Western District of PA
                              700 Grant St.
                              Suite 400
                              Pittsburgh, PA  15219
                              (412) 644-3500
                              PA ID # 30440
```

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing Pretrial Statement was served this _23rd_____ day of December, 2005, via First Class U.S. Mail upon the following:

        Ernesto Santiago
        #90304-038
        Federal correctional Institution McKean
        P. O. Box 8000
        Bradford, PA 16701

                              /s/ Paul E. Skirtich
                              PAUL E. SKIRTICH
                              Assistant U.S. Attorney