```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERNESTO SANTIAGO,                  )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )   C.A. No. 04-335 ERIE
                                   )
THE UNITED STATES OF AMERICA,      )   JUDGE McLAUGHLIN/
                                   )   MAGISTRATE JUDGE BAXTER
        Defendant.                 )
```

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

AND NOW, comes defendant, United States of America, by its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Paul E. Skirtich, Assistant United States Attorney for said district, and respectfully submits the following Memorandum of Law in support of Defendant's Motion for Summary Judgment.

**I.   Introduction**

Plaintiff brought this medical malpractice and negligence action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2672 ("FTCA"). Plaintiff alleges that the medical staff at FCI McKean in McKean, Pennsylvania negligently treated Plaintiff's lips. Complaint at ¶ 1-3, 38. Plaintiff alleges that these alleged negligent acts were the direct cause of Plaintiff's suffering. Complaint at ¶ 38.

Pursuant to this Court's Case Management Order dated, July 5, 2005 ("Case Management Order"), discovery was to be

completed by October 4, 2005. All expert reports were to be filed by October 18,2005. To date, Plaintiff has not produced an expert report regarding the alleged negligent care of Plaintiff to counsel for Defendant.

Judgment should be entered in favor of the United States on Plaintiff's Complaint because Plaintiff's medical malpractice claim fails to conform to the medical malpractice standards of Pennsylvania law.  It is clear under Pennsylvania law that a plaintiff cannot sustain a claim for medical malpractice without producing a sufficient expert report or testimony.  Plaintiff has failed to do so and, as such, has failed to create a genuine question of material fact.

## II. Applicable Legal Standards

### Summary Judgment

Summary Judgment is appropriate if, drawing all inferences in favor of the non-moving party, "...the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56©).  The moving party bears the initial burden of identifying evidence that demonstrates the absence of any genuine issue of material fact.  Once that burden has been met, the non-moving party must set forth "...specific facts showing that there is a genuine issue for trial..." or the

factual record will be taken as presented by the moving party and judgment will be entered as a matter of law.  See Matsushita Elec. Ind. Company v. Zenith Radio Corp., 475 U.S. 574 (1986).  If a court, having reviewed the evidence with this standard in mind, concludes that the "evidence is merely colorable...or is not significantly probative," then summary judgment may be granted.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

In addition, when the record is such that it would not support a rational finding that an essential element of the nonmoving party's claim or defense exists, summary judgment must be entered for the nonmoving party. Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

**III. Argument**

**Plaintiff does not meet the standard required to sustain a claim in Pennsylvania**

This case was brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671.  The Federal Tort Claims Act allows private individuals to bring suits against the United States for torts committed by its employees acting within the scope of their employment.  See Bialowas v. United States, 443 F.2d 1047 (3d Cir. 1971). Under the FTCA, the United States may be held liable "in the same manner and to the same extent as a private individual under like circumstances..." 28 U.S.C. § 2674. The liability of the United States is determined by the law of

the state where the tortious conduct occurred. United States v. Muniz, 374 U.S. 150, 152 (1963), (citing 28 U.S.C. §1364(b)). Consequently, in this case, the United State's liability will be determined by the laws of negligence and medical malpractice in Pennsylvania.

Under Pennsylvania law, a plaintiff in a medical malpractice case must first establish a prima facie case of malpractice. To accomplish this, the plaintiff must produce evidence that establishes (1) the applicable standard of medical care accepted by the medical community, (2) that the care provided to the plaintiff deviated and fell below the standard of care, and (3) that the injury complained of resulted from that failure. Titchnell v. United States, 681 F.2d 165, 166 (3d Cir. 1982).

Most importantly, Pennsylvania law requires that Plaintiff produce **expert** testimony that shows the physician's conduct at issue in the case varied from accepted medical practice. Because the negligence of a physician encompasses matters not within the ordinary knowledge and experience of laypersons, [a]llegations of medical malpractice generally may not be proven without the testimony of "an expert witness who will testify, to a reasonable degree of medical certainty, that the act of the physician deviated from good and acceptable medical standards, and that such deviation was the proximate cause of the harm suffered." See Gindraw v. Dendler, 967 F.Supp 833 (E.D.Pa. 1997) (quoting,

Mitzelfelt v. Kamrin, 526 Pa. 54,62, 584 A.2d 888, 892 (1990).  A very narrow exception to the requirement of expert testimony in medical malpractice actions applies only where "the matter is so simple, or the lack of skill or care so obvious, as to be within the range of experience and comprehension of even non-professional persons."  See Toogood v. Rogal, 2003 WL 21241255 (Pa. 2003)(quoting, Hightower-Warren v. Silk, 548 Pa. 459, 698 A.2d 52, 54 n.1 (1997)); Brannan v. Lankenau Hospital, 490 Pa. 588, 598, 417 A.2d 196, 201 (Pa. 1980).

Moreover, in addition to the requirement of expert testimony on the underlying issue of whether the defendant acted negligently, expert testimony is required to establish a causal connection between the defendant's alleged negligent acts and the plaintiff's injuries. Dornon v. Johnston, 421 Pa. 58, 218 A.2d 808 (1966)(where the factual relationship between the negligent act and injury is sufficiently obscure that laymen are unable to make reasonable determinations as to its existence, expert guidance is needed).  In other words, to prove his claim of medical malpractice, Plaintiff must produce expert testimony that demonstrates to a reasonable degree of medical certainty that the acts alleged deviated from good and acceptable medical standards, and that such deviation was the proximate cause of the harm suffered.  See Mitzelfelt, 526 Pa. 54, 584 A.2d 888 (1990). Failure to meet this burden is a failure to create a genuine

issue of material fact as to whether or not his care was adequate. Accordingly, Plaintiff's claim must fail as a matter of law.

Plainly, Plaintiff has failed to comply with the Court's Case Management Order as he has neither properly identified a medical expert nor provided any expert reports. In this case involving the diagnosis, care and treatment of a staphylococcus infection, a complex medical issue, the issue is clearly not so simple as to be within the range of ordinary experience of nonprofessional persons.  Yet, expert testimony is crucial to a proper understanding of the issues of negligence and causation in this case. The Supreme Court of Pennsylvania emphasized in <u>Toogood</u>, "We reaffirm our earlier conclusion, set forth in numerous decisions of the Court that, medicine being an applied science, the realm of reasonable choice is best defined by those engaged in the practice, and expert medical testimony on this issue is required." <u>Toogood</u>, 824 A.2d 1140, 1148.[1]

Simply stated, the law in Pennsylvania is clear concerning a

---

[1] Finally, while not required for purposes of this Motion, Defendant submits to the Court its expert reports in this matter from Juan J. Ochoa, M.D., FACS, Associate Professor of Surgery and Critical Care Medicine at UPMC Presbyterian Hospital, and Ricardo Carrau, M.D., Professor of Otolaryngology, University of Pittsburgh School of Medicine, both of whom concluded to a reasonable degree of medical certainty that Plaintiff's medical care met the acceptable standard of care. <u>See</u> Expert Reports of Drs. Carrau and Ochoa attached hereto as Exhibit "A". Copies of both reports have been previously produced to Plaintiff's counsel.

plaintiff's burden of proof in medical malpractice cases. The Plaintiff must establish both a prima facie case of negligence, and that such negligence was the proximate cause of their injuries. The only way to meet this burden is through an expert that testifies to a reasonable degree of medical certainty that such is the case. "The Pennsylvania Supreme Court has expressly held in malpractice cases, a jury will not be permitted to find negligence without expert testimony to establish variance from accepted medical practice." Tarter v. Linn, 396 Pa.Super. 155, 578 A.2d 453 (1990). It is for the trier of fact to resolve issues of fact. Consequently, the Pennsylvania Supreme Court has held in malpractice cases that there is no issue of fact created without an adequate expert report or testimony. Accordingly, without a genuine issue of material fact in this case, summary judgment is appropriate for Defendant.

**IV. Conclusion**

    For all of the above stated reasons, Plaintiff has failed to create a genuine issue of material fact and the United States is entitled to judgment as a matter of law.

                                Respectfully submitted,

                                MARY BETH BUCHANAN
                                United States Attorney

                                _____
                                PAUL E. SKIRTICH
                                Assistant U.S. Attorney
                                700 Grant Street, Suite 4000
                                Pittsburgh, PA  15219
                                (412) 894-7418
                                PA I.D. No. 30440

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the within Memorandum of Law in Support of Defendant's Motion for Summary Judgment was mailed, post-pre-paid, this 15 th day of December, 2005 to the following:

   Ernesto Santiago
   #90304-038
   Federal correctional Institution McKean
   P. O. Box 8000
   Bradford, PA 16701


   _____
   PAUL E. SKIRTICH
   Assistant U.S. Attorney